IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNARD EMERY CHARNOVICH,            )
                                      )
       Plaintiff,                    )
                                      )
  -vs-                                )   Civil Action No. 16-1414
                                      )
                                      )
NANCY A. BERRYHILL,[1]                )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
       Defendant.                    )

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since May 31, 2013.[2] (ECF No. 7-5, p. 2). Administrative Law Judge ("ALJ"), Regina Carpenter, held a hearing on April 26, 2016. (ECF No. 7-2, pp. 27-73). On June 14, 2016, the ALJ found that Plaintiff was disabled since July 1, 2015. (ECF No. 7-2, pp. 13-22).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

[2] On September 14, 2015, a determination was made that Plaintiff had become disabled on, but not before, July 1, 2015, and he was awarded benefits accordingly. (ECF No. 7-2, p. 13).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing of the Opinion Dr. Ahmad, Plaintiff's Treating Physician

Plaintiff's first argument is basically that the ALJ erred by failing to give his treating physician, Dr. Ahmad, controlling weight in determining his onset date. (ECF No. 10, pp. 4-8). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's]

3

impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff focuses on Dr. Ahmad's letter dated May 4, 2016,[3] to argue that there is substantial evidence of record to support that his onset date was May of 2013. (ECF No. 10, pp. 4-8). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's

---

[3] The totality of Dr. Ahmad's May 4, 2016, letter contains only one paragraph. (ECF No. 7-11, p. 202).
> Mr. Bernard Charnovich is a pleasant 65 year-old well known to us with a history of chronic lymphocytic leukemia/small lymphocytic lymphoma. This is a chronic, life-long condition. He has required IV chemotherapy and is now on an oral chemotherapy agent. Side effects of this chemotherapeutic medication include but are not limited to fatigue, immunosuppression, diarrhea, edema, fever, skin rash, and increased risk of infection. Currently, he has experienced fatigue and immunosuppression. He has a history of urinary retention and is to follow up with urology. He requires monthly blood work and his follow ups are scheduled every six to eight weeks. Given the chronic nature of his disease, his follow ups and blood work will be life-long.

*Id.*

finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is entirely misplaced.

Nevertheless, I have reviewed the decision with regard to the weighing of Dr. Ahmad's letter. The ALJ considered the same stating:

> Of record is a letter written on May 4, 2016, by Dr. Ahmad, the claimant's treating physician. Dr. Ahmad described the claimant has having a history of "chronic lymphocytic leukemia/small lymphocytic lymphoma" further characterized as a "chronic, life-long condition." The claimant was noted to have required chemotherapy and to have or be at risk for side effects from chemotherapeutic medication. Dr. Ahmad's statements and opinion have been considered and accorded some weight with regard to the claimant's condition since July 1, 2015. However, that physician did not expressly address the claimant's condition or functionality prior to his recurrence/relapse in July/August 2015, or explain the claimant historically demonstrated ability to sustain "substantial gainful activity" despite such condition. Moreover, Dr. Ahmad offered to specific opinion [no] specific opinion as to the claimant's ability to work (Exhibit 10F/1). The undersigned has considered the information provided by the claimant as to his history of medical treatment and work attendance (Exhibit 13E). However, in view of evidence cited and for reasons stated, such information is not found to be consistent with the evidence of record.

(ECF No. 7-2, p. 20). These reasons are appropriate, sufficiently explained and supported by substantial evidence of record. (ECF No. 7-2, pp. 13-22); 20 C.F.R. § 416.927 (discussing the evaluation of medical opinions). Therefore, I find no error in this regard on the part of the ALJ.

Additionally, in support of his argument that Plaintiff's onset date was May 2013, Plaintiff attempts to rely on a record that was not before the ALJ and was only first submitted for review to the Appeals Council. (ECF No. 10, p. 9, *citing,* No. 7-11, p. 203; ECF No. 7-2, p. 5). The instant review of the ALJ's decision is not *de novo* and the ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976). "[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991). Thus, my review of the ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g).

5

Therefore, pursuant to Sentence Four of §405(g), when reviewing the ALJ's decision, I cannot look at the post-decision evidence that was not first submitted to the ALJ.

If, however, a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied by a plaintiff to justify remand. *Id., citing Szubak,* 745 F.2d at 833. In this case, however, Plaintiff has not made any such arguments. (ECF No. 10).

As a result, I cannot consider the post-decision evidence pursuant to Sentence Four of §405(g) and I find that Plaintiff has failed to satisfy any of the requirements for remand under Sentence Six of §405(g). Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNARD EMERY CHARNOVICH, )
                      )
         Plaintiff, )
                      )
   -vs- )                Civil Action No. 16-1414
                      )
                      )
NANCY A. BERRYHILL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
                      )
        Defendant. )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 14th day of September, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 11) is granted.

                                               BY THE COURT:

                                               s/ Donetta W. Ambrose
                                               Donetta W. Ambrose
                                               United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.